IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVIS T. BUMPERS and )
TROY ELLIOTT, on behalf )
of themselves and all others )
similarly situated, )
)
      Plaintiffs, )
)
v. ) Civil Action No.
) 03-1380
COMMUNITY BANK OF NORTHERN )
VIRGINIA and THE CHASE MANHATTAN )
BANK as Indenture Trustee, )
)
      Defendants. )

Gary L. Lancaster,
District Judge.                          January 22, 2008

### MEMORANDUM ORDER

      The parties are familiar with the extensive factual and procedural background of this case and it need not be repeated here. We need only state that this matter is before the court on plaintiffs' Travis T. Bumpers and Troy Elliott ("North Carolina borrowers") Motion to Reopen Case [Doc. No. 31], Motion to Remand [Doc. No. 3] and Request for a Ruling on Remand [Doc. No. 32]. Plaintiffs originally filed suit in state court in North Carolina against defendants, Community Bank of Northern Virginia ("CBNV") and The Chase Manhattan Bank as Indenture Trustee ("Chase Manhattan") alleging that the mortgages CBNV issued to the putative class violated North Carolina law. The case was removed to the

United States District Court for the Eastern District of North Carolina and then, at the plaintiffs' request, transferred to this court as part of the multi-district litigation currently pending at MDL No. 1674. Prior to the transfer, plaintiffs filed a Motion to Remand.

The North Carolina borrowers now challenge the removal of this matter for two reasons: First, the North Carolina borrowers argue that the removal of this matter, two (2) years after it was filed, was untimely. Second, the North Carolina borrowers argue that even if the removal was timely, there is no basis for federal subject matter jurisdiction because preemption under the Depository Institutions Deregulation and Monetary Control Act, 12 U.S.C. § 1831d, (hereinafter "DIDA"), only applies to state law usury claims. Messrs. Bumpers and Elliott contend that their claims are not for usury.

Defendants argue that removal was timely and, even if it was not, the lack of timeliness is, at most, a defect in the removal procedure, which plaintiffs waived. Defendants also argue that DIDA completely preempts plaintiffs' claims and, thus, this court has subject matter jurisdiction. For the reasons set forth below, the court will grant plaintiffs' motion to reopen the case and grant plaintiffs' motion to remand.

I. FACTUAL BACKGROUND

In September of 2001, Messrs. Bumpers and Elliott filed

suit in Wake County, North Carolina, against CBNV and Chase, alleging North Carolina statutory and common law claims on behalf of all North Carolina borrowers who obtained second mortgages from CBNV, which were subsequently acquired by Chase. Specifically, Messrs. Bumpers and Elliott asserted four causes of action against defendants, on behalf of themselves and all others similarly situated, alleging: (1) violations of N.C. Gen. Stat. § 24-1 et seq. (the "Interest Law"); (2) violations of N.C. Gen. State § 53-238 (the "Registration Act") and North Carolina's Unfair Trade Practices Act ("NCUTPA"), N.C. Gen. Stat. § 75-1, et seq.; (3) common law bad faith, bad faith in violation of the Registration Act and the NCUPTA; and (4) improper designation of fees for third party services such as title examinations in violation of the NCUPTA, the Interest Law and the Registration Act.

Soon thereafter, defendants removed to the United States District Court for the Eastern District of North Carolina on the basis that DIDA completely preempted their claims and, thus, provides a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Messrs. Bumpers and Elliott filed a motion to remand, which was granted. The court held that the United States Supreme Court had yet to address whether DIDA preemption provides a basis for federal question jurisdiction. Discovery commenced and plaintiffs filed a motion for class certification.

On June 2, 2003, the United States Supreme Court issued

its opinion in Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003). In Beneficial, the Supreme Court held that state law usury claims were completely preempted by the National Bank Act, 12 U.S.C. §§ 85, 86, (hereinafter "NBA"). Id. at 7-8. The same day, the North Carolina borrowers filed a Notice of Withdrawal and Waiver of Right of Appeal of Plaintiffs' claims under the North Carolina Interest Law. Defendants again removed the case, on the basis that the Supreme Court's decision in Beneficial, interpreting the NBA, provided a basis for asserting that the North Carolina borrowers' state law claims were completely preempted by DIDA. Defendants contended that removal was timely because a Supreme Court decision constituted an "order or other paper" which made the case removable pursuant to 28 U.S.C. § 1446.

Plaintiffs again filed a timely motion to remand. While that motion was pending, plaintiffs sought, and received, defendants' consent to transfer the action to this court, at Civil Action No. 03-1380, as part of the multi-district litigation pending at MDL No. 1674. As all interested parties are aware, the first settlement in this action was preliminarily approved by this court in July of 2003.

In September of 2003, plaintiffs sought to intervene in the Kessler action. [Doc. No. 11 at Civil Action 03-425]. Plaintiffs' motion to intervene was granted. [Doc. No. 37 at Civil Action No. 03-425]. It does not appear, however, that plaintiffs

4

ever filed a complaint in intervention, nor did they join in the Consolidated Amended Class Action Complaint filed in Kessler in November of 2003. Thus, Messrs. Bumpers and Elliott never became named plaintiffs in the Kessler action. Accordingly, jurisdiction cannot be premised upon the federal claims asserted in the Kessler amended complaint. In October of 2003, the North Carolina case was marked "closed." Messrs. Bumpers and Elliott submitted conditional objections to the settlement, which they subsequently withdrew. Messrs. Bumpers and Elliott also filed an appeal of this court's December 2003 final order certifying the class and approving the settlement, which they also withdrew.

When the case was remanded to this court following the court of appeals' decision, In re Cmty. Bank of N. Virginia, 418 F.3d 277 (3d Cir. 2005), the North Carolina borrowers filed a motion to reopen Civil Action No. 03-1380, and renewed their motion to remand the matter to North Carolina state court [Doc. Nos. 31, 32]. In sum, the North Carolina borrowers argue that this court lacks subject matter jurisdiction and, therefore, remand is appropriate. The court agrees.[1]

II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1447(c), a motion to remand

---

[1] Although plaintiffs' motion to remand was initially filed in June of 2003, the matter was not presented to this court, nor was it argued on appeal, until after the case was remanded to this court on September 30, 2005.

shall be granted "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction ... " 28 U.S.C § 1447(c). Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." <u>Abels v. State Farm Fire & Cas. Co.</u>, 770 F.2d 26, 29 (3d Cir. 1985). The removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

III.  DISCUSSION

A.  <u>Timely Removal</u>

We first address whether the removal was timely. Defendants contend that the removal was timely pursuant to 28 U.S.C. § 1446(b). Section 1446(b) provides that

> a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable...

28 U.S.C. § 1446(b).

A decision by the United States Supreme Court in an unrelated case is, however, not an " order or other paper" that can render a case removable pursuant to 28 U.S.C. § 1446(b). Regardless of whether a Supreme Court decision could qualify as "other paper," it is well established that non-jurisdictional defects in the removal procedure can be waived. <u>In re FMC Corp.</u>

6

Packaging Systems Div., 208 F.3d 445, 451 (3d Cir. 2000). Here, Messrs. Bumpers and Elliott not only sought transfer to this court they took a number of affirmative steps to prosecute their action after arriving in this forum. Accordingly, this objection to the removal procedure was waived.

### B. Subject Matter Jurisdiction

The more fundamental question is whether this court has subject matter jurisdiction over plaintiffs' claims. The parties' cannot consent to litigate in this forum and thereby create jurisdiction in the absence of a federal question. As the court of appeals noted:

> where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

In re Cmty. Bank, 418 F.3d at 297 (quoting Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702 (1972).

The issue is whether DIDA completely preempts the North Carolina borrowers' state law claims and, thus, provides a basis for subject matter jurisdiction in that these claims actually present a federal question.[2] The Supreme Court's decision in

---

[2] Defendants have not asserted that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties seem to be of diverse citizenship. Based upon the record before the court, however, it does not appear that plaintiffs are alleging damages in excess of $75,000.00.

Beneficial, supra, concerned state law usury claims against a nationally chartered bank and therefore analyzed the relevant portions of the NBA. Here, CBNV is a federally insured state-chartered bank; thus, DIDA applies. In re Cmty. Bank, 418 F.3d at 295.

The court of appeals noted that Section 521 of DIDA "incorporates verbatim the language of § 85 of the NBA." In re Cmty. Bank, 418 F.3d at 295. Accordingly, the court of appeals held, "[w]hen Congress borrows language from one statute and incorporates it into a second statute, the language of the two acts ordinarily should be interpreted the same way." Id. at 295-96. It follows, therefore, that Beneficial provides a basis to conclude that state law claims for usury against federally insured state-chartered banks are preempted by DIDA.

Messrs. Bumpers and Elliot are not, however, asserting claims for usury. Usury is defined as when a lender charges a rate of interest that is higher than legally allowed by law. Black's Law Dictionary 1580 (8th Ed. 2004). Plaintiffs assert that defendants violated North Carolina state law by charging fraudulent, as opposed to excessive, fees. Restated, plaintiffs are alleging that they paid title inspection fees although a title inspection was never done; discount rate fees although a discount rate was not given; and duplicative fees for the same services in violation of North Carolina law. As the court of appeals noted

parenthetically, when examining the original complaint filed in the Kessler matter which alleged similar fraudulent fee claims, plaintiffs have "failed to plead any state law usury claims, alleging only a series of other claims that are not preempted by the NBA, DIDA or any other federal law." In Re Cmty. Bank, 418 F.3d at 297.[3]

At the time of removal, plaintiffs' state court complaint sounded purely in North Carolina statutory and common law. It neither expressly advanced nor impliedly suggested a federal cause of action. Accordingly, there is no basis for federal jurisdiction in this case.

III.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT plaintiffs' motion to reopen case [Doc. No. 31] is GRANTED. IT IS FURTHER ORDERED THAT plaintiffs' motions to remand and request for a ruling [Doc. No. 3, 32] are GRANTED and the Clerk of Courts is directed to transfer this case forthwith to the United

---

[3]  Although this question was plainly before the court of appeals, the court did not address "whether the fraudulent origination and title service fees alleged by plaintiffs constitute 'interest' under the NBA or the DIDA..." In re Cmty. Bank, 418 F.3d at 296. Preferring to "set aside" the issue, the court of appeals instead premised subject matter jurisdiction on the federal claims contained in the Consolidated Amended Class Action complaint. Id. at 298.

9

States District Court for the Eastern District of North Carolina for remand to the Superior Court of Wake County, North Carolina.

BY THE COURT:

/s/ Gary L. Lancaster, J.

cc:  All Counsel of Record